| July Term, | Boice, Grogan and Gibbony vs. The State. | 1865. |
|---|---|---|

## 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

| 1 | 329 |
|---|---|
| 45 | 690 |
| 45 | 691 |

\*BOICE *vs.* THE STATE.

GROGAN *vs.* IDEM.

GIBBONY *vs.* IDEM.

.July Term, 1865.

1. A term of the circuit court does not necessarily begin on the day fixed by law, but may open before four o'clock in the afternoon of the third day thereafter; and therefore it is not error in a circuit court to enter judgment and order execution, against prisoners, who have been convicted for murder in one county, on the second day after the time fixed for the beginning of a term in an adjoining county of the same circuit.

2. In the absence of proof to the contrary, it must be presumed that there was sufficient time after the entering of judgment, for the judge of a circuit to have reached the court-house of an adjoining county; by the ordinary course of travel, before four o'clock, p. m., of the third day after the period fixed by law for the term to commence.

3. If a party wishes to avail himself of matter rebutting such presumption, he must make it appear upon the record by bill of exceptions or otherwise.

The grand jury of *Wood* county, on the 17th day of October 1864, found a bill of indictment against *Daniel Grogan, Thomas Boice* and *Mortimer Gibbony alias Mortimer Gibney alias George Smith*, for the murder of one *Abraham Deem.* There were eight counts in the indictment; the first charged that *Grogan* shot the deceased, and that *Boice* and *Gibbony* were present, aiding and abetting; the second, that *Boice* committed the murder, and that *Grogan* and *Gibbony* were present assisting and comforting; the third, that *Gibbony* discharged the gun whereby the party was slain, and that the others were present comforting, aiding and maintaining; the fourth, that *Boice* and *Gibbony* were principals in

\*These cases involving the same questions, were heard together.

the assault, and that *Boice* shot the deceased, and *Grogan* was accessary; the fifth, that *Boice* and *Gibbony* were principals in the assault, and that *Gibbony* shot the deceased, and *Grogan* was accessary; the sixth, that *Grogan* incited and counseled the others and was therefore accessary; the seventh, that the offense was committed by the parties jointly, and the eighth, that all of the parties committed the assault, and that *Boice* discharged the gun upon the deceased, and that the others were present aiding and abetting.

The parties were tried at the same term, and on the 26th day of October, 1864, were found guilty of murder in the first degree.    On the 2nd day of November following, they were brought into court, and on it being demanded what they had to say why the court should not proceed to pronounce judgment and execution against them, said that the court ought not so to do for errors upon the face of the record, and prayed that judgment might be arrested.    The court overruled the motion in arrest of judgment and the defendants filed an assignment of error, alleging that the time fixed by law for the commencement of the term of court in *Jackson* county, in the same circuit, was on the 1st day of November, 1864, and that in point of law, that term having commenced, the term of court in *Wood* county, should be then completed and ended, although there was time for the judge of the court after pronouncing the sentence to have reached the court-house of *Jackson* county by the ordinary course of travel, before four o'clock, P. M., of the third day of the term in *Jackson* county.

The court proceeded to pass sentence of death by hanging, to be carried into execution on the 6th day of January, 1865.    These were all the facts certified to on the record, but accompanying it were the affidavits of one *A. W. Moss*, deputy clerk, and *W. Hatcher*, the clerk of the court in *Wood* county.    The former affirmed that he was deputy clerk of *Wood* county at the time of the trial at the October term, that the court adjourned on the evening of the 2nd day of November, when the minutes were read and signed; that on the Saturday week following, he was asssisting the clerk to

make out a record in the cases for the prisoners, when a controversy arose as to whether the word, in the assignment of errors was the "third" or "fourth" day of the term in *Jackson* county, when the clerk informed him that the judge had written "third" through the word "fourth" after the adjournment of court; and that the clerk then requested the affiant to carry the assignment of errors to the judge, who erased the word entirely and wrote "third" above it.

The clerk affirmed that at the time of the sentence of death upon the prisoners, they, by their attorney, said that they would file errors in arrest of judgment, but not being then written out or presented in court, it was agreed that the record should show that they were filed; that *James M. Jackson*, one of their attorneys stated that he would show the assignment of errors to judge *Edmiston*, (one of the prosecuting attorneys for the State,) on the next morning. On that day, (being the day after court adjourned,) *J. M. Jackson* brought to him, in the clerk's office, the assignment of errors, and requested a transcript of the record, at as early a date as possible. That in making up the record he found at the foot of the assignment of errors after the word ended, in the hand writing of the judge who sat during the trial, the addition of the following words, "although there was time for the judge of this court, after the pronouncing of said sentence, to have reached the court-house of *Jackson* county, by the ordinary course of travel, before four o'clock, P. M., of the fourth day of the term in *Jackson* county." That he took the assignment of errors to the judge and asked him if the word "fourth" was not error, whereupon the judge wrote the word "third" over or upon the word "fourth," remarking that he was led into the error by Grattan's reports in the syllabus in Hill's case, but that the correction was according to the facts in the case.

The defendants applied to this court for a writ of error, which was allowed. The petition alleged that there was error in overruling the motion to quash the indictment and each count thereof, because in the counts charging some of the parties as accessaries, no one was charged as principal,

and that the court erred in overruling the motion in arrest of judgment on the grounds set forth in the assignment of errors.

*James M. Jackson*, for the plaintiffs in error.

The court will take judicial notice of the beginning and ending of the terms of the circuit courts of this State. The terms of the court in *Jackson* begins on the 1st day of March, May, September and November. The terms of the court in *Wood*, on 15th day of April, June, October and December. By law a court may adjourn from day to day, or until the end of the term. Code, 684, section 3. A court may also open a term on a subsequent day to that fixed by law, provided that it be not later than four o'clock in the afternoon of the third day from that period. Code 686, section 14. In this case the court had not time to get to the court-house of *Jackson* county by four o'clock, P. M., of the third day of November, and hence the term in *Wood* county had expired by law. 6 Rand., 717; 2 Grat., 611.

The record states that the judge certified that he could reach the court-house of *Jackson* county by four o'clock of the *fourth* day. The sentence, therefore was done *coram non judice*. There is no evidence that the court could have reached *Jackson* court-house by four o'clock of the 3rd day of November, and the fact only appears on the assignment of errors presented by the defendants' attorneys, when it was interpolated by the court long after the adjournment of the *Wood* county session. The law found in sections 5 and 6 of Code, page 743, relating to corrections of the record in vacation, cannot be applied to criminal cases; and no record in a criminal case can be amended by the judge at chambers, as the prisoner is not before him. 2 Va. Cases, 545; 4 Rand., 161; 4 Leigh, 308; 5 Grat., 147; 11 Grat. 832–33; 7 Leigh, 640; 12 Grat-, 534–5.

*Attorney General Hall*, for the State.

The record presented is the only basis of action for this court. The record shows no grounds of error; the court,

according to it, adjourned on the 2nd. day of November, 1864, and the assignment of error by the attorney for the defendants, was filed, as it appears by an affidavit of the clerk of the court of *Wood,* the morning of the 3rd of November, and after the court had adjourned. If it was competent to enter the assignment of errors on the day after the term closed, it was equally so to change the record ten days after, by interpolating "third" instead of "fourth" day of the term.

In Mendum's case, 6 Rand., 717, it does not appear at all that the court could not have reached the succeeding term by four o'clock of the third day. There is nothing in this case showing that the judge could not have reached the court-house of *Jackson* county by four o'clock on the 3rd day of November, 1864. Nothing appearing upon the record of the change in it, except the affidavit of the clerk, it is not competent to call testimony to the bar of this court to show to the contrary.

BERKSHIRE, President. The questions arising in each of these cases being the same, they were, by consent, argued and heard together.

Looking to the records alone, it appears that the plaintiffs in error were tried and convicted of murder in the first degree in the circuit court of Wood county, and that sentence of judgment was pronounced against them respectively, on the 2nd day of November, 1864. That after verdict, and when sentence was about to be pronounced, they respectively moved the court in arrest of judgment, upon the ground that it was not competent for the court *then* to proceed to enter judgment against them, for the reason that the time for the commencement of the circuit court of Jackson county, in the same judicial circuit, as fixed by law, (a fact of which this court will take judicial notice) was on the first day of November, 1864, and that the circuit court of Jackson county having, therefore, in point of law commenced on that day, the circuit court of Wood county, of consequence, legally ended at the same time. And it is

insisted by the attorney for the plaintiffs in error here, that the judgments pronounced against them, for this reason, were in fact *coram non -judice.*

Annexed to and accompanying these records, however, are certain affidavits and certificates of the clerk and deputy clerk of the circuit court of Wood county, declaring certain extraneous facts as to the mode and manner in which the records were in fact, made up, which do not appear on the face of the records proper, as certified by the clerk; and it is contended by the attorney for the plaintiffs in error, that the facts set forth in these affidavits and certificates show error in the proceedings, on the part of the judge, of which they ought to be allowed to avail themselves in this court. As to the latter question it is sufficient to remark, that in reviewing the proceedings of the court below it is not competent for this court to look beyond the records to facts *de hors* the same; and if it were otherwise, still it appears from the affidavits and certificates, that the assignments of error in arrest of judgment, and the additions made to the same by the judge, which are complained of here, were in fact all prepared, made up and consummated on the 3rd day of November, 1864, after the court had in fact adjourned on the day previous, and were, therefore, in the opinion of this court utterly null and void and cannot be considered here. Looking then to the records alone, the court is further of opinion, that the circuit court of Jackson county did not necessarily commence, in law, on the first day of November, 1864, as contended for by the attorney for the plaintiffs in error, and that it was competent for the circuit court of Wood county to continue and pronounce judgment against the prisoners at the time it did on the 2nd day of November, 1864. And that in the absence of proof to the contrary, it must be presumed and intended that there was sufficient time after the judgments were entered against the prisoners, for the judge to have reached the court-house of Jackson county by the ordinary course of travel, before four o'clock of the third day of the term of that court; and if the prisoners wished to avail themselves of such objections,

they should have made it appear by bill of exceptions or otherwise, according to the authority of Mendum's case, 6 Randolph, 717, and of Hill's case, 2 Grattan, 611.

And the court is further of opinion, that some of the counts in the indictment being good, the circuit court committed no error in overruling the motions to quash the same.

The judgments therefore must be affirmed.

JUDGMENTS AFFIRMED.