# CHARLESTON.

Charleston Trust Company *v.* W. A. Todd *et al.*

(No. 5493)

Submitted February 2, 1926.   Decided February 9, 1926.

1. Judgment—*Judge, Not in Office at Time of Supposed Proceedings, May Properly Deny Defendant's Motion for Judgment in His Favor on Verdict, in View of Record Showing Only Purported Verdict Endorsed on Declaration.*

   If in an action at law the record of the court shows no pleas or issues joined thereon, no empaneling of a jury to try the issues, nor the record of any verdict by the jury, except the endorsement on· the back of the declaration of what purports to be a verdict in favor of the defendant, the judge ·of the court not in office at the time of the supposed proceedings may properly deny the motion of the defendant for a judgment in his favor on such verdict.   (p. 33.)

   (Judgments, 34 C. J. § 179 [Anno.] )

2. Courts—*If Record is Silent as to Supposed Pleas or Proceedings, Unless it is Corrected or Completed, Parties Are Not Entitled to Assert Rights Based on Defective or Absent Record; Court Must Speak by Its Record or Not at All, and to be Effective, Record Must be Verity in Itself.*

   Where the record of a court is silent as to supposed pleas or proceedings had in a cause, the effect is the same as if they had never taken place, and unless the record in some way be corrected or completed, the parties thereto are not entitled to assert any rights based on such defective or absent record.   A court must speak by its record or not at all.   To be effective, it must be a verity in itself.   (p. 33.)

   (Courts, 15 C. J. §§ 382 [Anno.], 404.)

3. Dismissal and Nonsuit—*Plaintiff Has Right to Dismiss Action or Suffer Nonsuit at Any Time Before Submission of Case to Court or Jury.*

   It is the right of a plaintiff to dismiss his action or suffer a nonsuit at any time before the submission of the case to the court or jury.   (p. 35.)

   (Dismissal and Nonsuit, 18 C. J. § 21.)

   (Note:  Parenthetical references by Editors, C. J.—Cyc. .Not part of syllabi.)

Error to Circuit Court, Kanawha County.

Action of debt by the Charleston Trust Company against W. A. Todd and another. An order sustained a motion of the plaintiff to dismiss its action without prejudice, and defendants bring error.

*Affirmed.*

*Claude L. Smith,* for plaintiffs in error.
*D. W. Taylor,* for defendant in error..

MILLER, JUDGE:

This was an action of debt begun on June 30, 1924, in the Common Pleas Court of Kanawha County. The process is not found in the record; and the clerk certifies that it could not be found. To what day it was made returnable the record does not show. We may perhaps infer that it was returnable to July rules, for at July rules the record shows that the plaintiff appeared and filed its declaration. The record further shows that on the same day process was issued. The plaintiff also filed the affidavit of one H. R. Johnson, sued out an order of attachment, and placed the same in the hands of the sheriff for execution. The sheriff made his return showing a levy by him upon certain real estate of the defendant Anna M. Todd.

The record of the court ends with these proceedings, except that on the 18th day of February, 1925, it is shown that the parties by their attorneys appeared, and the plaintiff moved the court to render judgment in its favor for the debt alleged in the declaration and on the attachment sued out, which motion the court overruled and the plaintiff excepted; and thereupon the defendants moved the court to enter judgment in their favor, and in support thereof tendered what purports to be the verdict of a jury represented to be written on the back of the declaration, and also a paper writing, which they represented was a transcript of the evidence, identified in the order by the endorsement, "Charleston Trust Co. vs. Anna M. and W. A. Todd, Transcript of Evidence, Original." And in further support of their mo-

tion defendants also tendered papers designated as defendants' pleas numbers 1, 2, 3 and 4, and defendants' plea in abatement, all of which were found among the court papers belonging to the case, but with no order or endorsement thereon showing that they had ever been filed in the case or issues made up thereon. Although the motion referred to a verdict supposed to be endorsed on the back of the declaration, neither the motion nor the order of the court shows in whose favor the verdict purported to be. The court also overruled defendant's motion.

And the same order shows that the plaintiff moved the court to permit defendants to file their pleas and to allow it to join issue, and to have a trial thereon, in which motion the defendants did not join. This motion the court also overruled, and plaintiff excepted.

Finally plaintiff moved the court for permission to dismiss its action without prejudice to its right to institute any other suit, action or proceeding for the same cause which it might be advised to be proper. This motion the court sustained; and the action was accordingly dismissed. It was from the latter order that the present writ of error was awarded upon the petition of the defendants.

Two points of error are relied on by defendants:

First; the refusal of the trial court to enter judgment in their favor upon the reputed verdict of the jury.

Second; the granting of plaintiff's motion to dismiss its action without prejudice.

The several motions referred to were presented to his Honor Judge Morgan Owen, who took office as judge of the Court of Common Pleas on January 1, 1925. The suit was begun, and the trial, if one was had, occurred during the incumbency of Judge Alexander, Judge Owen's predecessor in office; so that in the absence of any record of the court showing the filing of pleas and issues thereon, or of any such trial and verdict, nothing but the stray papers in the court file, not even the record of any verdict except the endorsement on the back of the declaration, we do not see how Judge Owen could have done otherwise than he did do on the several motions presented to the court. Perhaps, if the defendants had joined in plain-

tiff's motion to permit the filing of the several pleas and the joining of issue thereon, there might have been a trial and final judgment in the case. Defendants did not join in that motion, evidently for the reason that they preferred to stand on their supposed rights to a judgment on the verdict endorsed on the declaration, if there was such a verdict, which the record before us fails to show. Plaintiff evidently predicated its motion for judgment for the debt and upon the order of attachment, on the theory that defendants were in fault of appearance at rules, and that the common order at July, 1924, rules, confirmed at August rules, had become final after the end of the following term of court, and that nothing remained for the court to do but to enter judgment according to the affidavit filed with the declaration. It does not appear, however, that the common order was confirmed, or that defendants did not appear and plead, and file their counter affidavit so as to set aside the office judgment. The August rules are not in the record. Presumptively, if there was a trial on the pleas, and a verdict rendered, as defendants contend, the office judgment, if one, was set aside. And possibly, if there was a trial and verdict, on issues joined on the defendants' pleas, the record might have been corrected or completed by some nunc pro tunc orders, and justice done in that way; but in the absence of any such record, how could the judge of the common pleas court say, and how can we say, that either of the parties was entitled to final judgment as demanded? The record presented to Judge Owen spoke no common order confirmed, no pleas, no issues, no empaneling of a jury, no anything, upon which the motions of the parties could be properly predicated, except only the right of the plaintiff before verdict to suffer a nonsuit or dismiss its action.

The record presents two unsurmountable obstacles in the way of defendants' motion for judgment on the verdict: first, no prior order of the court shows the filing of any pleas at rules or in court, or joinder of issue thereon; second, no order of the court shows the empaneling of a jury, or the rendition of a verdict. If no issue was made up to be tried, even if a verdict was in fact returned, it would be erroneous, nugatory or void. *Del-Carbo Coal & Coke Co.* v. *Cunninghame,*

93 W. Va. 12, 116 S. E. 719; *Western Maryland Railway Co.*
v. *Cross,* 92 W. Va. 9; *Brown* v. *Cunningham,* 23 W. Va. 109;
*State* v. *Brookover,* 42 W. Va. 292; Enc. Dig. Va. & W. Va.
Rep. 1925 Sup. 1010.

On the second proposition, the want of any record of trial
and verdict, it suffices to say that courts must speak by their
records; what is not thereby made to appear, does not exist
in law, and for the purpose of the verity thereof. *State* v.
*Vest,* 21 W. Va. 796, 800, 802; 1 Enc. Dig. Va. & W. Va.
Rep. 505, et seq.

The right of a plaintiff to dismiss, discontinue or suffer a
nonsuit at any time before submission of his case to the court
or jury is not challenged, and there can be do doubt of that
right under the facts appearing in this case. *Stone* v. *Kauf-
man,* 88 W. Va. 588; 1 Enc. Dig. Va. & W. Va. Rep., 1925
Suppl. 536.

We find no reversible error in the judgment below, and it
will be affirmed.

*Affirmed.*