ALLISON S. FLEMING, *etc.* v. HONORABLE HERBERT W. DENT, *Judge, etc., et al.*

(No. 8857)

Submitted October 26, 1938.  Decided December 6, 1938.

*Wyckoff & Wyckoff*, for petitioner.
*W. Merle Watkins*, for respondents.

KENNA, JUDGE:

This is a proceeding in mandamus, in which Allison S. Fleming is the petitioner, the purpose of which is to require Honorable Herbert W. Dent, Judge of the Circuit Court of Taylor County, to enter judgment for the petitioner against B. B. Bryant and Mary E. Bryant, principal and surety upon a bond given to perfect an appeal from the court of C. P. Lucas, justice of the peace in that county, the judgment rendered having been for the petitioner against B. B. Bryant. The petition sets up that after the Clerk of the Circuit Court had received the transcript of the record and docketed the case, the regular term of September, 1937, as well as the January and April terms, 1938, had elapsed, although no petit jury was in attendance at the latter term. The petition goes on to allege that at the September Term, 1938, no attempt having been made by the defendant to show good cause for a continuance of the case at that nor at any of the three preceding terms, a motion for judgment in favor of the appellee against the defendant and the surety upon the appeal bond was entered, for the purpose of applying the provisions of Code, 50-15-10.

The allegations of the petition show that after the appeal was docketed in the Circuit Court of Taylor County, the petitioner (plaintiff in the justice's court, appellee in the circuit court), on the eleventh day of October, 1937, after notice had been given the appellant and his bondsman, moved the circuit court to require the giving of a further appeal bond, and that while the case was regularly placed upon the law docket of the circuit court and was twice called for trial when the law docket was called, it was never placed upon the trial docket.

It is alleged that at the September Term, 1938, petitioner's motion for judgment was entered, he being the prevailer before the justice, but that the circuit court, being of the opinion that it was necessary that the case be placed upon the trial docket as provided by Rule V of the Uniform Rules of Practice and Procedure promulgated by this Court (116 W. Va. lix) and that two suc-

cessive terms should elapse at both of which the case appeared upon the trial docket before the provisions of Code, 50-15-10, were applicable, refused to grant petitioner's motion for judgment.

Briefly stated, the answer takes the position that the provisions of Code, 50-15-10, and those of Rule V of the Uniform Rules of Practice and Procedure are in conflict, and being so, the provisions of Rule V prevail, and that under that rule docketed cases which are not placed upon the trial calendar do not fall under the provisions of the statute in question.

Provided that there is a conflict between the rule promulgated by this Court and the Code provisions in question, there can be no doubt that the rule would prevail. The statute empowering this Court to promulgate general rules of practice and procedure so provides. Code, 51-1-4.

The question to be determined then is whether there is irreconcilable conflict between the requirements of the rule and those of the statute. This Court is of the opinion that this is an instance in which the case at hand has been called for trial at two terms following the time that it was regularly docketed, and that neither party has brought the case to a hearing before the end of the second term thereafter, nor has good cause for a continuance been shown. It follows that the Circuit Court of Taylor County should have directed judgment to be entered for the appellee, plaintiff below. The Court feels that Rule V does not do away with the fact that the calling of the general docket constitutes the calling of cases for trial. Either party could place the case upon the trial calendar, and, of course, that not being done, automatically results in the case, without the showing of good cause therefor, being continued to the next term. This fact, however, relieves neither party from the consequence of what has transpired, nor does it take the place of diligence. There being no understanding between counsel or with the court dispensing with their necessity, attention and diligence are required in a pending case. Rule V lays down

no precept save that which is applicable to cases that are to be tried or in which judgments by default for nonappearance may be rendered. The rule itself specifies that attorneys interested in law cases are expected to be present at the call of the docket in accordance with the rule's provisions. It makes no provision in conflict with the statute, which requires the trial court to enter judgment for the party prevailing before the justice in the event the case is not brought to hearing before the end of the second term after the case is docketed in the circuit court. No procedure is required and the provision, in the absence of good cause being shown for a continuance, is mandatory without having the court's attention called to the circumstances by the appellee's motion. The Court is of the opinion that judgment should have been entered.

The respondents' answer raises the question as to the propriety of requiring the dismissal of the case before the pending motion for a new bond was disposed of. We cannot perceive how this can result in prejudice to the appellant. Essentially, the question of the original bond's sufficiency was raised on the appellee's motion. The appellant could not rely upon the movant's insistency, and we know of no reason why the movant should not expressly withdraw or by necessary implication be held to have waived the questions raised by his motion.

The Court is of opinion that the fact that an order was entered on the twenty-first day of October, 1938, confirmatory of the allegations of the petition concerning the occurrences on October 13th is sufficient justification for the rule in mandamus awarded October 16th on the petition filed the preceding day. The Court is of the opinion that the substance of the questions involved has been by the petition, answer and replication, established to the extent that holding the petition insufficient for the reasons assigned would constitute but a useless technicality. In this connection, the Court wishes to say that it is fully cognizant of its own holding in *Meyers* v. *Washington Heights Land Co.*, 107 W. Va. 632, Pt. Three, Syllabus, 149 S. E. 819, and *Douglas* v. *Feay,* 1 W. Va. 26, 36.

Upon the basis of what has been said, the writ of mandamus as prayed for in the petition is hereby granted.

*Peremptory writ awarded.*