M. W. POWERS, *et al.*

*v.*

C. D. TRENT, *etc., et al.*

(No. 9821)

*and*

G. A. WATKINS, *et al.*

*v.*

C. D. TRENT, *etc., et al.*

(No. 9821A)

Submitted September 24, 1946. Decided December 17, 1946.

*J. M. Ellis,* and *Ashworth & Sanders,* for plaintiffs in error.

*George W. Williams* and *Scherer, Bowers & File,* for defendants in error.

HAYMOND, JUDGE:

These cases are here on writs of error to a separate judgment entered in each case by the Circuit Court of Raleigh County, West Virginia. By agreement of the attorneys representing the respective parties, and by leave of this Court, the cases have been heard together upon a single record which presents the issues in each case.

The action in which G. A. Watkins and M. W. Powers are plaintiffs and C. D. Trent, doing business as C. D. Trent Undertaking Company and Ash Mankin, administrator of the personal estate of Willie Lowe, deceased, are defendants, was instituted July 7, 1941, before a justice of the peace of Raleigh County, West Virginia. On August 29, 1941, judgment was rendered for the plaintiffs against both defendants for $300.00, with interest and costs. An appeal was taken by the defendant, Trent, September 4, 1941, and the case was placed upon the docket and duly matured for trial at the ensuing regular February term, 1942, of the court. The case was continued at that term of court and at each of the three successive regular terms thereafter until the regular February term, 1943. No order of continuance indicating the reason for continuing the case was entered by

the court. The only showing as to these continuances consists of a notation on the trial docket of the court that the case was continued.

The action in which M. W. Powers and G. A. Watkins are plaintiffs, and C. D. Trent, doing business as C. D. Trent Undertaking Company, and Ash Mankin, administrator of the personal estate of William P. Burkes, deceased, are defendants, was instituted September 10, 1941, before a justice of the peace of Raleigh County, West Virginia. On January 20, 1942, judgment was rendered for the plaintiffs against both defendants for $300.00, with interest and costs. An appeal was granted February 26, 1942, to the defendant, Trent, by the Judge of the Circuit Court of Raleigh County, and the case was placed upon the docket and duly matured for trial at the ensuing regular May term, 1942, of the Circuit Court. The case was continued at that term of court and at each of the two successive regular terms thereafter until the regular February term, 1943. No order of continuance indicating the reason for continuing the case was entered by the court. The only showing as to these continuances consists of a notation, on the trial docket of the court, that the case was left open at the regular May term, 1942, and continued at the regular August and November terms, 1943.

On March 20, 1943, during the regular February term, 1943, the plaintiffs in both actions filed their motions that the judgment entered in each case by the justice be reinstated. Pending action on these motions, the cases, by agreement, having been submitted together and as one case, were again continued from time to time. Evidence was introduced by the defendant, Trent, to support his contention that good cause existed for the continuances prior to the regular February term, 1943, which is certified by bills of exceptions as a part of the record in these cases. On October 6, 1945, the plaintiffs again entered their motions that the court render judgment in their favor, to the same effect and for the same amount as the judgment rendered by the justice of the

peace in each action. On December 5, 1945, the court sustained the motions of the plaintiffs and entered such judgment in their favor in each case.

While the foregoing motions of the plaintiffs were pending, and in defense to the motions, the defendant, Trent, introduced, over the objection of the plaintiffs, evidence to show that the continuances of the cases, between the time each case was first placed upon the docket and the time the motions were made on March 20, 1943, during the regular February term, were granted for good cause. This evidence consisted of the testimony of an attorney at law who represented the defendant after the cases were appealed to the Circuit Court, of the defendant himself, and of a deputy of the Clerk of the Circuit Court.

The substance of the testimony of the attorney was that after he became counsel in the cases, he had, at various times, talked with the attorney who then represented the plaintiffs concerning a settlement, which, however, was never definitely arranged or concluded, and that the cases were allowed to go over from term to term, by verbal agreement. No written agreement was entered into or filed of record in the cases.

The defendant, Trent, testified that he was at all times ready to have the cases tried, that he knew that his attorney talked with the attorney for the plaintiffs at different times about a settlement, that he himself talked to the plaintiff, Powers, three or four times about a compromise, and that he depended upon his attorney to try the cases and to look after his interests in them after the appeals were taken. Neither the attorney nor the defendant could fix any definite dates of the occurrences to which they testified.

The deputy of the Clerk of the Circuit Court produced the docket of that court and testified as to the notation that each case had been continued or left open at each of the regular terms of court between the time each case had been first placed upon the docket and the

regular February term, 1943, and that he had not seen any order entered in either case which showed a continuance for good cause. The action of the trial court, in sustaining the motions of the plaintiffs and in entering judgments to the same effect as the judgments entered by the justice of the peace, constitute a finding that good cause for the continuances did not exist.

The defendant contends that the foregoing evidence is admissible and that it establishes good cause for the continuances in the cases prior to the regular February term, 1943.

The plaintiffs vigorously assert that this evidence is not competent to show good cause which, they insist, can be shown only by the record as made in the cases when the continuances were granted; and that the continuances, having been granted without a showing of good cause, and the appeals having been regularly placed upon the docket, and none of the parties having brought the cases to hearing before the end of the second term thereafter at which they were called for trial, the trial court was required to enter judgment in each case in accordance with the judgment of the justice of the peace, and that its action in entering such judgment was correct.

The evidence offered by the defendant does not purport to show any agreement, or consent arrangement, in writing between the attorneys for the parties, as required by Rule VI (a) of the Rules of Practice and Procedure for trial courts of this State promulgated by this Court, effective April 10, 1936, 116 W. Va. LXII. The verbal agreement or arrangement mentioned in the evidence is too vague and too indefinite to be effective, even in the absence of the rule just cited which requires agreements or consent arrangements between counsel to be reduced to writing and signed by counsel. When this has been done such agreements may be filed, and, by order of court, made a part of the record of the case.

The evidence, however, was clearly inadmissible. It does not prove or establish any record in the cases which

was made when the continuances were granted. A circuit court is a court of record, and this Court has held that it speaks only by its record, and that what does not appear from its record does not exist in law. *State ex rel. Bika v. Ashworth,* 128 W. Va. 1, 35 S. E. 2d 351; *Meyers v. Washington Heights Land Co.,* 107 W. Va. 632, 149 S. E. 819; *Charleston Trust Co. v. Todd,* 101 W. Va. 31, 131 S. E. 638. Nothing which is not a matter of record by law can become matter of record unless ordered to be made so by the judge then holding the court and presiding therein, in whom rests the sole power over the records of the court. *Fenn v. Reber* (St. Louis Court of Appeals, Mo.), 132 S. W. 627. Judicial records have been defined as a memorial of a proceeding or an act of a court of record entered in a roll for its preservation; a memorial or a history of judicial proceedings, in a case, commencing with the writ or the complaint and ending with the judgment. The original entry of each matter in the course of a suit is essentially the record of that matter. 21 C. J . S., Courts, Section 225. Judicial records have been defined as those associated with the progress of litigated cases. *Delco Ice Mfg. Co. v. Frich Co.,* 318 Pa. 337, 178 A. 135. It has also been stated that the only court orders entitled to recognition are those which appear of record, or those which when made were intended to appear of record. Orders of court not entered of record are extra-judicial and void, and only the records which are made in the course of judicial duty are of force or effect. 21 C. J. S., Courts, Section 225.

Code, 51-3-4, requires the proceedings of every court to be entered in a book and the law orders to be read in open court by the clerk. It further provides that the law proceedings of each day shall be drawn up at large and read the next succeeding court day immediately after the court is opened, and after being read and corrected, signed by the judge or presiding officer, and that the chancery proceedings of each day shall be drawn up at large and signed by the judge, after being corrected

where it is necessary. This statute is derived from an earlier statute, Section 5, Chapter 161, of the Code of Virginia of 1860. In the case of *Douglas* v. *Feay*, 1 W. Va. 26, in holding that the renunciation of a will by the widow of the testator, not shown by the record of the county court, which as then constituted was a court of record and possessed judicial powers, was not a valid renunciation, this Court, speaking by Berkshire, President, uses this pertinent language:

"* * * Does the record show a valid and binding renunciation of the will, by the widow, in the manner and form required by law? I am of the opinion that it does not. The usual mode of proving the record of a court is by exemplification or production of the record itself; or in the case of the loss or destruction thereof, then I presume parol evidence of the contents of such record would be admissible. But I am aware of no mode of proving or supplying a record, that never did in fact exist, as in the case here; nor can I conceive the parol proof of what purports to be judicial acts and proceedings of a court of record, could be admissible in any case or for any purpose whatever, where no such record of what is proposed to be proved was in fact ever made.

"The 5th section of chapter 161 of the Code of 1860, page 685, provides that the proceedings of every court shall be entered in a *book,* read in open court by the clerk, and after being corrected, when it may be necessary, the record shall be signed by the presiding judge or justice. It is therefore very manifest that unless and until the proceedings of a court are recorded and signed as required by the statute, they can have no force or efficacy whatever."

See also *Boice* v. *The State,* 1 W. Va. 329; *Wickes* v. *B. & O. R. R. Co.,* 14 W. Va. 157. In *State* v. *Vest,* 21 W. Va. 796, this Court, in discussing the character and the composition of a judicial record, says:

" * * * Whatever therefore on the face of a book of record has been duly authenticated by the signature of the judge, must be held to be an absolute verity, and it cannot be contradicted; and so also any paper

actually referred to on the record-book as filed or as constituting a part of the record is to be regarded as a part of the record, and is as much a verity as if it had been spread out at length as a part of the record. But it is only that which was actually on the record-book, when thus authenticated or that is actually contained in some paper so made a part of the record by reference, that is thus held to be an absolute verity. * * *".

Without undertaking to formulate any exact and comprehensive definition of a judicial record, which is not here necessary, it is clear that no such record, made or entered in the course of the litigation, has been shown to exist in these cases, by which good cause has been established for any of the continuances granted in them prior to the motions of the plaintiffs on March 20, 1943, during the regular February term of the court. Certainly the evidence subsequently taken and introduced in these cases can not create such record. The proper, and in fact, the only, method of making the existence of good cause for a continuance a part of the court record, is the entry of a valid court order, in the manner provided by the statute, in which that fact is shown, by statement or recital to exist. This procedure was not followed, at any time, in either of these cases.

The primary purpose which the Legislature sought to accomplish by the enactment of the statute, Code, 50-15-10, upon which the plaintiffs rely, is an expeditious hearing and final determination of appeals from justices of the peace in civil actions in the court to which such appeals are taken, and to put an end to the continued and protracted delay in disposing of such appeals which theretofore generally existed, for various insufficient reasons, in cases of this kind, in the trial courts of this state. *Gibson* v. *Thorne*, 122 W. Va. 716, 12 S. E. 2d 535. Under the present statute, only continuances for the two regular terms immediately following the docketing of the appeal may be had, in the event neither party calls the case for trial at either of these terms, without a showing of good cause. At the third regular term after

the appeal has been first placed upon the docket for trial, and thereafter, at each succeeding regular term of the court in which the appeal is pending, should the case be continued, each continuance for such term must be for good cause shown, if the mandate of the statute which requires the court to render judgment in favor of the party prevailing before the justice of the peace to the same effect and for the same amount as the judgment rendered by the justice of the peace, is to be averted, unless the trial of the case is suspended or prevented by the pendency of an appeal or other proper proceedings in a court of competent jurisdiction. Any other construction or application of the statute would operate to defeat the very purpose for which it was enacted.

It is not disputed that when the appeals in each case had been regularly placed upon the docket, neither party brought the case to a hearing before the end of the second term thereafter. When that situation exists, and no good cause for a continuance is shown, it is the duty of the court, under the statute, Code, 50-15-10, to render judgment in favor of the party prevailing before the justice of the peace, to the same effect and for the same amount as the judgment rendered by the justice of the peace. *State ex rel. Bika v. Ashworth,* 128 W. Va. 1, 35 S. E. 2d 351; *Gibson* v. *Thorne,* 122 W. Va. 716, 12 S. E. 2d 535; *Fleming* v. *Dent,* 120 W. Va. 691, 200 S. E. 35. This the trial court did in each case. That action was correct. Accordingly the judgment of the Circuit Court of Raleigh County in each case is affirmed.

*Affirmed.*