STATE OF WEST VIRGINIA

*v.*

HOMER UNDERWOOD, *et al.*

(No. 9885)

Submitted April 15, 1947.   Decided May 13, 1947.

*Eugene P. Alderson,* and *James H. Wolverton,* for plaintiffs in error.

*Ira J. Partlow,* Attorney General, and *J. Chandler Curd,* Assistant Attorney General, for defendant in error.

Fox, PRESIDENT:

At the May term, 1945, of the Circuit Court of Nicholas County, Homer Underwood, Hazel Underwood, Buster Underwood, Glen Brock and Ira Ramsey were indicted for an alleged assault upon and the unarmed robbery of Fred Mullens. They gave bond for their appearance at the succeeding August term, and at that term and the November term, 1945, the trial of the indictment was continued on motion of the State. Some time prior to the February term, 1946, at an informal meeting of the Judge of said court with the members of the Bar, held in the clerk's office of said court, there was a verbal agreement between the court and counsel for the defendants, that the case might be continued at the February term on motion of the defendants. What occurred at that conference is best explained by referring to the order entered by the trial court on June 14, 1946, which reads, in part, as follows: "* * * It appearing to the Court that said defendants were duly indicted at the regular May, 1945, term of this Court, and that said cause was continued on motion of the State at the regular August and November, 1945, terms of this Court, and that prior to the beginning of the regular February, 1946, term of this Court the Judge thereof was present in the Clerk's office for the purpose of supervising and setting of cases on the docket for said February term; that this was the only case which would require the attendance of a petit jury, and in order to avoid summoning a jury, the Court inquired of counsel for defendants whether the said case might be continued upon motion of the defendants, and that counsel for said defendants agreed thereto, but that at the said February, 1946, term an order confirming such understanding and continuing said cause on motion of the defendants failed to be entered through inadvertence. * * *"

At the May term, 1946, the defendants appeared and filed their special plea in writing, verified by the oath of the defendant, Homer Underwood, setting up the facts as narrated in the court order quoted above, alleging that the trial of the indictment against them had not been brought about by the State within three regular terms of court, and moved the court to dismiss the said indictments against them, and each of them, and that said defendants be discharged from further prosecution. It was upon this motion that the court entered the order of June 14, 1946. The court then held, and added to the order aforesaid, the following: "In consideration of the above enumerated facts, [referring to the facts stated in the quotation above] it is ordered that this order be now entered granting a continuance of said case upon motion of the defendants, as of the regular February, 1946, term of this Court, and to the action of the Court in this regard defendants object and except."

The case came on for trial on June 24, 1946, and the defendants, Homer Underwood, Hazel Underwood and Buster Underwood, tendered and offered to file their said special plea in writing, and moved the court to discharge them upon said special plea, to the filing of which plea the prosecuting attorney objected, which objections being considered by the court were overruled. The said plea having been filed, the same was overruled, to which action of the court the said defendants excepted at the time. The case was then tried by a jury, resulting in a directed verdict of acquittal of the defendants, Glen Brock and Ira Ramsey, and a verdict as to the defendants, Homer Underwood, Hazel Underwood, and Buster Underwood, finding them not guilty of unarmed robbery, but guilty of grand larceny as charged in the indictment. A motion to set aside this verdict was overruled, and the defendants were sentenced to the penitentiary for an indeterminate period of from one to ten years.

A number of errors are assigned, the most important being that the court erred in refusing to discharge the

defendants by reason of their not having been brought to trial within three regular terms, after the finding of the indictment. It is obvious that if the court erred in this respect, and if the defendants should have been discharged, there was, in legal effect, no trial, and any errors committed in that trial are immaterial.

Section 14 of Article III of the Constitution of this State provides: "Trials of crimes and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay, and in the county where the alleged offense was committed, unless upon petition of the accused, and for good cause shown, it is removed to some other county. * * *." On the basis of this constitutional provision, and to give definite and exact meaning thereto, Code, 62-3-21, provides: "Every person charged with felony, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the state being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict."

A similar provision has long been a part of the statute law in this State and in Virginia. We find in the Revised Code of Virginia, 1819, Chapter 169, Section 28, this provision: "* * * And if he be not tried at or before the third term after his examination before the justices, he shall be forever discharged of the crime; unless such failure proceed from any continuance granted on motion of the prisoner, or from the inability of the jury to agree in their verdict." By Chapter 21, Section 45, Acts of the Assembly, 1847-8 it is provided: "Every person charged with a felony and remanded by the examining court to a Circuit Superior Court for trial, shall be forever dis-

charged from the crime whenever there shall have been three terms after his examination, at which the failure to try the case was not caused by his insanity, or the witnesses for the commonwealth having been enticed or kept away, or detained or prevented from attending the court by sickness or some inevitable accident, or did not proceed from a continuance granted on his own motion, or from inability of the jury to .agree in their verdict." Substantially the same provision appears as Section 25, Chapter 159, of our Code of 1868, and with very slight changes in every Code since that date, and, as noted above, in Code, 62-3-21.

These statutory provisions have been upheld with uniform strictness by the Courts of this State and Virginia. In the case of *Green* v. *The Commonwealth,* 1 Rob. 731, it was held: "A prisoner charged with felony being indicted at the first term of the circuit court after his examination, the case is continued at that term for the want of time to try it. At the second term, the case is continued on the motion of the prisoner, upon the ground of the absence of a material witness for him. At each of the three succeeding terms, the case is again continued for the want of time to try it. *Held,* that upon the expiration of the last of the five terms, the prisoner became entitled, under the statute, 1 Rev. Code, chp. 169, §28, to be forever discharged of the crime imputed to him." This case was followed in *Commonwealth* v. *Adcock,* 8 Gratt. 661; and *Archer* v. *The Commonwealth,* 10 Gratt. 627. In the case of *Ex Parte Chalfant,* 81 W. Va. 93, 93 S. E. 1032, it was held that a defendant charged with a felony was entitled to be discharged from prosecution if three regular terms of the court were allowed to elapse after the indictment without bringing him to trial, except for the reasons mentioned in the statute; and it was further held that it was not necessary that the accused, to obtain his discharge, should have made a demand for trial; nor that he was in any way prevented from doing so; and also that it was the duty of the State, if it would prevent him from discharge, to bring him to trial, or excuse itself upon one of the

grounds prescribed by the statute. In *Ex Parte Anderson,* 81 W. Va. 171, 94 S. E. 31, it was held that an order dispensing with a jury did not prevent the application of the statutory provision, nor need the terms at which the court failed to bring defendant to trial be consecutive. In *Hollandsworth* v. *Godby,* 93 W. Va. 543, 117 S. E. 369, it was held that the fact that the defendant was confined in the penitentiary did not excuse the state from bringing him to trial upon another charge of felony within three terms of court after the indictment.

There is no escape from these holdings. The right to a speedy trial is based upon our Constitution, and the Legislature has undertaken to define in exact terms how the constitutional mandate shall be applied. Where the State has failed to bring a defendant indicted for a felony to trial within three terms after the term at which he is indicted, it must excuse itself under some one or more of the grounds mentioned in the statute; and if it is unable to do so, the binding effect of the statute makes it imperative upon this Court to enforce the same, according to its plain terms and meaning. From the order of the trial court, appearing in the record before us, the August and November, 1945, terms, and the February, 1946, term of the Circuit Court of Nicholas County passed without defendants' case having been called for trial. No excuse is offered for this, except it is stated that the agreement that the case should be continued at the February, 1946, term was not made effective at that term through inadvertence. A court of record speaks only through its own record. 14 Am. Jur. 350. Proceedings therein may not be established by reliance upon informal discussions between the court and counsel, not held in term. What is not disclosed by the records of courts of record does not legally exist. *Trust Co.* v. *Todd,* 101 W. Va. 31, 131 S. E. 638; *Meyers* v. *Land Co.,* 107 W. Va. 632, 149 S. E. 819; *Powers* v. *Trent,* 129 W. Va. 427, 40 S. E. 2d 837. The only method by which the right of the State to try these defendants could be preserved was by the entry of an order in term continuing the case on motion of the defendants, which clearly was

not done, or upon a showing such as is required by Code, 62-3-21.

An effort was made to save the situation by the entry of a *nunc pro tunc* order, at the May term, 1946, which, if permitted, would have shown that, as of the February, 1946, term, a motion to continue on the part of defendants was made and a continuance granted thereon. In the circumstances, the entry of such order was unwarranted and of no effect. In the first place, a *nunc pro tunc* order can only be used to make effective, and as a part of the record, some act of a trial court directed in term. Here there is no contention that, at the date of the alleged agreement to continue, there was a term of court in session, or anything more than a mere informal conference to determine what cases would be tried at the then coming February term; and, in the second place, if there had been a special term of court, the mere agreement between court and counsel would have no legal effect unless the same had been entered of record, or some written memorandum or direction made at the time, to which resort could be had to determine what the court actually did. Here, according to the court's own language, the failure to enter this order of continuance at the February, 1946, term, was the result of inadvertence. That of itself was not sufficient to sustain the *nunc pro tunc* order entered as aforesaid.

The question of the right to enter a *nunc pro tunc* order has been often considered by this Court. In *Railway Co.* v. *Wilson*, 122 W. Va. 467, 10 S. E. 2d 795, it is stated: "Our cases consistently hold that there must have been present an intent on the part of the court to enter an order, coupled with some memorandum or other proceeding in the case showing such intent, before the court is warranted in entering a *nunc pro tunc* order after the adjournment of the term at which the order could have been entered", citing *Vance* v. *Railway Co.*, 53 W. Va. 338, 44 S. E. 461; *Payne* v. *Riggs*, 80 W. Va. 57, 92 S. E. 133; *Stannard Supply Co.* v. *Delmar Co.*, 110 W. Va. 560, 158 S. E. 907; and *State* v. *Thornhill*, 111 W. Va. 258, 161 S. E. 431.

In the case at bar it plainly appears that no order was ever entered, no memorandum made, or other proceeding had showing any intent upon the part of the court to enter such order, leaving as the only basis for the *nunc pro tunc* order relied on the admitted inadvertence, on the part of all concerned, to put into legal effect what is alleged to have been agreed upon at the informal conference mentioned above.

Holding the *nunc pro tunc* order to have been unwarranted in law, we have a case where the State has permitted three regular terms of court to pass without a trial on the indictment returned against defendants. This being true, the Constitution, the statute, and the decisions of this Court, make it imperative that we reverse the judgment of the Circuit Court of Nicholas County, set aside the verdict, and remand the case to said court, with directions to discharge the defendants from said indictment.

> *Judgment reversed; verdict set aside; case remanded with direction to discharge defendants.*