THE TOWN OF STAR CITY

*v.*

JOSEPH TROVATO

(No. 12991)

Submitted September 14, 1971.    Decided October 5, 1971.

*Clark B. Frame, Frank J. DePond,* for plaintiff in error.

HAYMOND, JUDGE:

On this writ of error granted by this Court July 14, 1970 upon his application, the defendant, Joseph Trovato, seeks reversal of a final judgment of the Circuit Court of Monongalia County rendered April 16, 1970 by which the court

sentenced the defendant to confinement in the jail of Monongalia County for a period of thirty days and imposed a fine of $100.00 and required the defendant to pay the costs assessed against him in the criminal prosecution in which he was convicted.

By warrant issued January 10, 1969 by the Mayor of the municipality of Star City, in Monongalia County, West Virginia, the defendant was arrested and charged with permitting land owned by him in Star City to be used unlawfully for a period of more than 48 hours as a location for one or more trailers, without first having received a permit from the municipality. Upon the warrant the defendant was tried and convicted on January 16, 1969 by the Mayor of the municipality and sentenced to thirty days imprisonment in the county jail and to pay a fine of $100.00 and $10.00 costs. The defendant appealed to the Circuit Court of Monongalia County from this judgment and filed the appeal in that court on February 4, 1969. The case was tried in the Circuit Court of Monongalia County upon the appeal of the defendant on February 24, 1970, during the regular January 1970 term of court. The jury returned a verdict of guilty which the court, by order entered March 30, 1970, refused to set aside and award the defendant a new trial; and on April 16, 1970, the court rendered the final judgment of which the defendant complains on this writ of error.

The ordinance of the Town of Star City of the violation of which the defendant was charged and for the violation of which he was tried and sentenced, contained among others, these pertinent provisions:

"SECTION 3: No person owning, leasing or having control of any land within this Town shall rent any part of the same, or permit the same to be used, for a period of time *or* more than 48 hours, as a location for one or more house trailers without first having applied for and received a permit therefor from the Town of Star City, and complying with the provisions of this ordinance. * * * .

"SECTION 5:   The term of any such permit shall be for the fiscal year beginning on the 1st day of July of any year and ending on the 30th day of June of the following year, or the unexpired part of the fiscal year of the Town. * * * . The fee for every trailer to be placed upon any particular lot or parcel of ground from July 1, 1967, and from that date henceforth shall be the sum of Fifteen Dollars ($15.00) per year per trailer.

"SECTION 15:   Any person violating any of the provisions of this ordinance shall be guilty of a misdemeanor, and upon conviction thereof before the Judge of the Police Court of this City shall be fined not less than $25.00 or more than $100.00 or be confined in the City Jail for or not to exceed 30 days, or be punished by both fine and imprisonment in the discretion of the Mayor acting as Police Judge."

Upon the trial the defendant offered evidence to show that the provision of the ordinance requiring the payment of a license fee of $15.00 had been declared invalid in a proper proceeding by the Circuit Court of Monongalia County; that the reason for his prosecution was the refusal of defendant to pay the license fee; that the defendant had complied with all other requirements of the ordinance; and that the refusal of the plaintiff to grant his application for a license discriminated against him and favored other persons to whom licenses had been granted. The defendant also moved the court to dismiss the action on the ground that after his appeal had been placed upon the docket of the circuit court three regular terms of court which were fixed by law for April, July and October, during 1969, had been held without a trial of the case and that the failure to try him was not due to any of the causes specified in Section 21, Article 3, Chapter 62, Code, 1931, as amended. The court overruled the motion by order entered February 16, 1970.

The defendant assigns as error calling for reversal of the final judgment of the circuit court the action of the court (1) in refusing to grant the motion of the defendant to

dismiss the case because three terms of court had passed without trial of the defendant and with no showing of the exceptions mentioned in the applicable statute; (2) in excluding evidence that the portion of the ordinance requiring the payment of a license fee had been declared to be null and void; (3) in refusing to permit the defendant to introduce evidence showing bias and prejudice of witnesses in behalf of the plaintiff upon the trial; (4) in holding that the sole issue to be determined was whether the defendant had a permit for his trailer without allowing him to show why he did not have such permit; (5) in permitting evidence of the commission of other offenses by the defendant; (6) in permitting improper argument to the jury by the attorney for the plaintiff; and (7) in giving instructions Numbers 1 and 6 offered by the plaintiff upon the trial.

The plaintiff, The Town of Star City, filed no brief and made no appearance in this Court upon this writ of error.

The threshold question for determination is whether the defendant, by virtue of Section 21, Article 3, Chapter 62, Code, 1931, as amended, is entitled to be discharged from prosecution for violation of the ordinance, the offense charged against him in the warrant, because he was not brought to trial for such offense in the circuit court upon his appeal within three regular terms of court after the appeal was docketed for trial in that court and that the failure to try him was not due to any of the causes mentioned in the statute.

Section 21 of the statute, relating to felonies and misdemeanors and appeals from inferior tribunals, provides that: "Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed

or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; and every person charged with a misdemeanor before a justice of the peace, city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment." The purpose of the statute is to assure the defendant a speedy trial and the statute should be liberally construed to accomplish the intended result. *State ex rel. Farley* v. *Kramer,* 153 W.Va. 159, 169 S.E.2d 106, *certiorari denied,* 396 U.S. 986, 90 S. Ct. 482, 24 L. Ed. 2d 451; *State ex rel. Smith* v. *DeBerry,* 146 W.Va. 534, 120 S.E.2d 504; *Ex parte: Hollandsworth* v. *Godby,* 93 W.Va. 543, 117 S.E. 369; *Ex parte: Bracey,* 82 W.Va. 69, 95 S.E. 593.

As heretofore indicated the appeal by the defendant from the judgment of the Mayor was placed upon the docket of the circuit court on February 4, 1969 and the defendant was not brought to trial at the regular April term, the regular July term, or the regular October term 1969, or until the regular January term 1970, which was the fourth regular term after the appeal had been docketed for trial in the circuit court. No order was entered by the court continuing the case on motion of the defendant or for any other reason at any of the three regular terms before the case was tried at the January 1970 term and the record is silent with respect to any reason for delaying the trial until the fourth regular term after the appeal was docketed. In opposition to the motion of the defendant to dismiss the case the plaintiff sought to show by filing an affidavit of its Mayor that the trial of the case was continued

from the regular October 1969 term until the regular January 1970 term at the instance of the attorneys for the defendant. The trial court evidently relied upon the affidavit in dismissing the motion of the defendant to dismiss the case. This was error. The record which is silent and indicates that the trial of the case was not delayed or continued at the instance of the defendant, can not be modified or contradicted by affidavit in the case. *State v. Underwood,* 130 W.Va. 166, 43 S.E.2d 61; *Powers v. Trent,* 129 W.Va. 427, 40 S.E.2d 837. In *State v. Underwood,* 130 W.Va. 166, 43 S.E.2d 61, an effort was made to show by entry of an invalid nunc pro tunc order that at the third term after the term at which the defendant had been indicted the case had been continued on motion of the defendants. This the Court refused to permit and said: "The only method by which the right of the State to try these defendants could be preserved was by the entry of an order in term continuing the case on motion of the defendants, which clearly was not done, or upon a showing such as is required by Code, 62-3-21."

As according to the record in this proceeding the April, July and October terms 1969 of the circuit court passed without the case on appeal having been called for trial, any effort of the defendant to obtain a continuance could not be shown by an affidavit or otherwise than by an order of the court. This Court has said in many cases that courts of record can speak only by their record and what does not so appear does not exist in law. *State v. Underwood,* 130 W.Va. 166, 43 S.E.2d 61; *Powers v. Trent,* 129 W.Va. 427, 40 S.E.2d 837; *State ex rel. Bika v. Ashworth,* 128 W.Va. 1, 35 S.E.2d 351; *Meyers v. Washington Heights Land Company,* 107 W.Va. 632; 149 S.E. 819; *Charleston Trust Company v. Todd,* 101 W.Va. 31, 131 S.E. 638. In the *Powers* case this Court said in the opinion: "Nothing which is not a matter of record by law can become matter of record unless ordered to be made so by the judge then holding the court and presiding therein, in whom rests the sole power over the records of the court. *Fenn v. Reber* (St. Louis Court of Appeals, Mo.), 132 S.W. 627."

This Court has held in numerous cases that under Section 21, Article 3, Chapter 62, Code, 1931, as amended, which, until its amendment in 1959 did not apply to misdemeanors but by that amendment was extended to misdemeanors and to appeals from interior tribunals, a defendant charged with a felony and remanded to a court of competent jurisdiction for trial, is entitled to be discharged from prosecution for the offense if there be three regular terms of such court after the indictment for such offense is found against him, without a trial, unless the failure to try him is for one or more of the excuses mentioned in the section. *State* v. *Underwood*, 130 W.Va. 166, 43 S.E.2d 61; *Ex parte: Hollandsworth* v. *Godby*, 93 W.Va. 543, 117 S.E. 369; *State* v. *Crawford*, 83 W.Va. 556, 98 S.E. 615; *Ex parte: Bracey*, 82 W.Va. 69, 95 S.E. 593; *Ex parte: Anderson*, 81 W.Va. 171, 94 S.E. 31; *Ex parte: Chalfant*, 81 W.Va. 93, 93 S.E. 1032.

In *State* v. *Underwood*, 130 W.Va. 166, 43 S.E.2d 61, in which the defendants were tried and convicted upon an indictment for a felony, point 1 of the syllabus states that: "Under Code, 62-3-21, a defendant charged with a felony and remanded to a court of competent jurisdiction for trial, is entitled to be discharged from prosecution for the offense if there be three regular terms of such court after the indictment therefor is found against him, without a trial, unless the failure to try him is caused by one or more of the excuses therefor mentioned in said section, and such failure is not excused by the failure of the court, through inadvertence, to enter, during the last of the three terms aforesaid, an order continuing the case on motion of the defendant."

Under Section 21, Article 3, Chapter 62, Code, 1931, as amended, which since its amendment by Chapter 40, Acts of the Legislature, Regular Session, 1959, applies to misdemeanors and to appeals from inferior tribunals in addition to felonies and expressly provides that every person charged with a misdemeanor before a justice of the peace, city police judge, or other inferior tribunal, and who has therein been found guilty and has appealed his conviction

of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without trial, unless the failure to try him was for one of the causes set forth in the section relating to proceedings on indictment. As there is no showing in the record that the failure to try the defendant was for any of the causes relating to proceedings on indictment the circuit court was without authority to try him upon his appeal and, by virtue of the statute, the defendant is entitled to be discharged from further prosecution for the offense set forth in the warrant issued against him.

Inasmuch as the circuit court, for the foregoing reasons, was without authority to try the defendant for the offense of violating the municipal ordinance as charged in the warrant issued against him, it is unnecessary to consider or determine the other errors assigned by the defendant.

The judgment of the circuit court is reversed, the verdict of the jury is set aside, and this case is remanded to that court with directions to dismiss the warrant upon which the defendant was tried and convicted.

> *Judgment reversed, verdict set aside, and case remanded with directions.*