STATE OF WEST VIRGINIA *ex rel.*
THOMAS W. WREN

*v.*

THE HONORABLE GEORGE W. WOOD, *Judge
of the Intermediate Court of Kanawha
County, etc., et al.*

(No. 13062)

Submitted April 18, 1972.           Decided July 18, 1972.

*William H. Hazlett,* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Willard A. Sullivan, Richard E. Hardison,* Assistant Attorneys General, for respondents.

KESSEL, JUDGE:

In this prohibition proceeding instituted in this Court, Thomas W. Wren, the relator, seeks to prohibit the respondents, the Honorable George W. Wood, Judge of the Intermediate Court of Kanawha County, and Patrick Casey, Prosecuting Attorney of Kanawha County, from proceeding to try the relator upon three indictments returned against him at the June, 1970, term of the Intermediate Court of Kanawha County.

The basic contention made in behalf of the relator is that the intermediate court has no jurisdiction or authority over the relator or the subject matter contained in any of the indictments for the reason that more than three regular terms of court have passed in contravention of the provisions of Code, 1931, 62-3-21, as amended. Code, 1931, 62-3-21, as amended, provides:

"Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his

escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; and every person charged with a misdemeanor before a justice of the peace, city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment."

It is essential to state in some detail the facts in order to place in proper focus the precise basis of the contention that the trial court now lacks jurisdiction or authority to try the relator under the circumstances of this case. On August 23, 1969, the relator was arrested upon three separate warrants which charged him with the offenses of (1) driving "while under the influence of intoxicating liquor;" (2) leaving the scene of an accident, generally known as "hit and run"; and (3) appearing in a public place in an intoxicated condition.

Following his arrest, the relator was committed to the Kanawha County Jail. On August 24, 1969, he posted a bond before H. H. Chinn, a justice of the peace in Kanawha County, on each of the three charges for which warrants had been issued against him by O. E. Brynside, a justice of the peace in Kanawha County.

On October 9, 1969, the relator was tried by Justice Brynside and found guilty of the "hit and run" charge, and was fined ten dollars and costs. On November 14, 1969, the relator was tried and found guilty of the other two charges by Justice Brynside. He was assessed a fine of ten dollars and costs for public intoxication, and, for driving while intoxicated, he was fined fifty dollars and costs, sentenced to the Kanawha County Jail for twenty-four hours, and his driver's license was suspended

for a period of six months. The relator immediately appealed these three convictions to the Intermediate Court of Kanawha County. By an order of the trial court entered on March 9, 1970, the appeals were placed upon the trial docket for the regular January, 1970, term of the intermediate court and set for trial on March 17, 1970.

There are four regular terms of court each year in the Intermediate Court of Kanawha County, beginning in January, April, June and September. No trial was held on the charges contained in the warrants during either the regular January or April terms of court. By an order entered on the 22nd day of April, 1970, during the April term of court, these three actions were "dismissed and stricken from the docket" upon the motion of Charles E. Price, Assistant Prosecuting Attorney of Kanawha County.

The grand jury attending the June, 1970, term of the Intermediate Court of Kanawha County indicted the relator for the same three offenses contained in the three warrants which had been "dismissed and stricken from the docket" during the April, 1970, term of court as aforesaid. On August 11, 1970, counsel for the relator filed a pleading designated as "Plea in Bar", alleging that the indictments contained the same matters and things as the warrants which had been previously dismissed and that to prosecute the relator upon the indictments would constitute double jeopardy. On the following day, the state, by Charles E. Price, Assistant Prosecuting Attorney of Kanawha County, filed an answer to the relator's "Plea in Bar", admitting that the warrants were for the same charges, but denying "that trials upon the indictments would constitute double jeopardy." No further proceedings were had during the remainder of the June term nor the following September term.

At the January, 1971, term of the intermediate court, counsel for the relator filed a "Motion to Dismiss" the three indictments and forever discharge the relator from

further prosecution for the offenses set forth in the three indictments for the reason that four regular terms of court had been held since the appeals had been filed in said court and the state had failed to bring the defendant to trial. The court, during the January, 1971, term of court, overruled the motion of counsel as well as the "Plea in Bar," and set the indictments for trial to be held on the 18th day of February, 1971.

On February 16, 1971, a rule in prohibition was issued against the respondents and made returnable before this Court on April 20, 1971, at ten o'clock a.m., and, pursuant to the prayer of the prohibition petition, further proceedings in the trial court were suspended pending a decision by this Court. The case was continued thereafter from time to time until April 18, 1972, on which date the case was submitted for decision upon the prohibition petition with accompanying exhibits filed with and made a part of the petition; upon an answer to the petition filed by and in behalf of the respondents with accompanying exhibits filed and made a part of the answer; and upon briefs in writing, oral argument of counsel having been waived.

The relator claims that Code, 1931, 62-3-21, as amended, prohibits the respondents from further proceeding against him upon the three indictments. He further claims that the failure to try him was not caused by any of the exceptions found in the statute. The purpose of the statute is to assure the defendant a speedy trial and the statute should be liberally construed to accomplish the intended result. *Town of Star City v. Trovato*, 155 W.Va. 253, 183 S.E.2d 560; *State ex rel. Farley v. Kramer*, 153 W.Va. 159, 169 S.E.2d 106; *State ex rel. Smith v. DeBerry*, 146 W.Va. 534, 120 S.E.2d 504.

According to the record in this case, the April, June, and September, 1970, terms of the intermediate court passed without the petitioner having been brought to trial. The failure of the trial court to dispose of the relator's "Plea

in Bar" prior to the January, 1971, term of court does not excuse the delay in bringing the relator to trial.

In *Ex Parte Bracey,* 82 W.Va. 69, 95 S.E. 593, the Court held that a demurrer challenging the sufficiency of an indictment was not a proceeding which would force a continuance of the case and that the accused could not be charged with the delay of the court in passing judgment upon his demurrer. The Court stated in the sixth point of the syllabus of the *Bracey* case as follows: "The state cannot excuse itself from trying one charged with crime within three terms after the indictment is found against him, upon the ground that he has interposed a demurrer to such indictment, and the court continued the case over one or more terms for the consideration of such demurrer." In the case of *State ex rel. Parsons v. Cuppett,* 155 W.Va. 469, 184 S.E.2d 616, the Court held, relying on the sixth point of the syllabus of the *Bracey* case, that various pre-trial motions made by counsel for the accused did not constitute a valid excuse for the delay in bringing the accused to trial.

Counsel for the respondents rely upon the case of *State v. Crawford,* 83 W.Va. 556, 560, 98 S.E. 615, 617, wherein the Court stated as follows: "That a *nolle prosequi* does not preclude reindictment is well settled, * * * By a dismissal before the right of discharge vests, the state may always save its right to prosecute on a new indictment * * *." In the *Crawford* case, however, the Court stated that the right of the state to prosecute on a new indictment was proper only when the right was not inconsistent "with the prisoner's right to a discharge by reason of unlawful detention, nor * * * the constitutional right of speedy trial."

Counsel for the respondents would excuse the delay in bringing the petitioner to trial upon the ground that the nolle prosequi entered at the April, 1970, term of court, "terminated the appeals" and also upon the ground that the June, 1970, term of court at which the indictments were returned cannot be counted in favor of the discharge

of a defendant. We cannot agree with these contentions. The language of Code, 1931, 62-3-21, as amended, provides as follows: "[A]nd every person charged with a misdemeanor before a justice of the peace, * * * and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, *shall be forever discharged from further prosecution for the offense set forth in the warrant against him,* * * *." (Italics supplied.)

The facts of this case are distinguishable from the facts in the case of *State ex rel. Farley v. Kramer,* 153 W.Va. 159, 169 S.E.2d 106. In the instant case, the state sought and obtained a dismissal of the three appeals in question at the April, 1970, term of court for no apparent reason and elected to seek indictments upon the same charges at the June, 1970, term of court. Charles E. Price, Assistant Prosecuting Attorney of Kanawha County, in an affidavit made a part of the record in this case, stated that he, on behalf of the State of West Virginia, moved the trial court to nolle prosequi the three appeals for the reason that there was a possibility that the three warrants were defective in that they did not properly allege the place of the crime charged in the warrants. An examination of the warrants which are also a part of the record in this case discloses that they are in proper form.

Counsel for the respondents concede that the September, 1970, term of court passed without any action being taken to bring the accused to trial. We find that the provisions of Code, 1931, 62-3-21, as amended, do apply in this case, and that three terms of court have passed after the term in which the petitioner appealed his convictions to the Intermediate Court of Kanawha County, without excuse for such delay, and that the petitioner should not be tried on the indictments charging him with the offenses which were the subjects of his appeals. *State ex rel. Parsons v. Cuppett,* 155 W.Va. 469, 184 S.E.2d 616; *Town of Star City v. Trovato,* 155 W.Va. 253, 183 S.E.2d 560. In the *Trovato* case, the Court held in the second point of the syllabus as follows:

"Under Section 21, Article 3, Chapter 62, Code, 1931, as amended, every person charged with a misdemeanor before a justice of the peace, city police judge, or other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes set forth in the section relating to proceedings on indictments."

For the reasons stated in this opinion, the Writ of Prohibition as prayed for is awarded.

*Writit awarded.*