STATE OF WEST VIRGINIA

*v.*

JOHN LEWIS YOUNG

(No. 14642)

Decided July 7, 1981.

*John G. Anderson, Barry Casto* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Dennis M. Abrams,* Assistant Attorney General, for defendant in error.

McHUGH, JUSTICE:

This case is before this Court upon the petition of John Lewis Young for a writ of error and supersedeas from an order of the Circuit Court of Cabell County, West Virginia, entered upon a jury verdict, adjudging Young (hereinafter

defendant) guilty of the offense of burglary. Consequently, this Court has before it the petition for a writ of error, all matters of record, including a transcript of the defendant's trial, and the memoranda of law filed by counsel.

By separate indictments returned by a Mason County, West Virginia, grand jury during the January, 1977, term of Court, the defendant was charged with murder and burglary. Both of these charges arose from the death of Mary Lucille Berry at her home in Mason, West Virginia. Upon the defendant's motion for a change of venue, the defendant's murder trial was transferred from Mason County to Wood County, West Virginia, whereupon a jury verdict was returned in November, 1977, and the defendant was convicted of second degree murder.

The defendant also moved for a change of venue with respect to his burglary trial. Accordingly, this trial was transferred from Mason County to Cabell County, West Virginia, where on September 13, 1978, the jury found the defendant guilty of burglary. By order entered October 12, 1978, the Cabell County trial judge sentenced the defendant upon the burglary conviction to confinement in the penitentiary for not less than one nor more than fifteen years. This sentence was to run concurrently with the defendant's sentence upon the murder conviction.

The allegations against the defendant, briefly stated, are that on December 1, 1976, the defendant and Terry Lee Brainard, his nephew, forced their way into the home of Mary Lucille Berry for the purpose of committing a theft. At that time, the defendant fatally stabbed Ms. Berry, whereupon he and Brainard fled to Ohio. Shortly thereafter, the defendant was arrested and indicted.

It is from the defendant's Cabell County conviction for burglary that the defendant seeks review in this Court.

As stated in his memorandum of law filed in support of the petition for appeal, the defendant asserts several grounds for the reversal of his burglary conviction. These grounds include, among others, the issue of double jeopardy, the admission of improper evidence prejudicial to the defendant, and the failure to try the defendant within

the proper time subsequent to his indictment. As indicated below, however, one particular issue is dispositive of this appeal, and the remaining grounds aserted by the defendant need not be considered.

In his appeal to this Court, the defendant asserts that he was not brought to trial within the proper time subsequent to his indictment. This assertion raises issues relating to this State's one-term and three-term rules. The one-term rule, *W. Va. Code*, 62-3-1, provides that unless good cause be shown to the contrary, a criminal defendant shall be tried in the same term of court in which he is indicted. The three-term rule, *W. Va. Code*, 62-3-21, provides that, subject to enumerated exceptions, a criminal defendant shall be discharged from prosecution if not tried within three terms of court after presentment, indictment or appeal from an inferior tribunal.

Involved in this action are court terms of the Circuit Court of Mason County and court terms of the Circuit Court of Cabell County. Pursuant to statutory authority, Mason County and Cabell County each have three court terms per year, and these terms begin in January, May and September. *W. Va. Code*, 51-2-1f, and *W. Va. Code*, 51-2-1cc.[1]

During the January term, 1977, the defendant was indicted for burglary in the Circuit Court of Mason County. During that term, the defendant, in a separate indictment, was charged with murder. As indicated above, the defendant's trial for murder was transferred from Mason County to Wood County upon a motion filed by the defendant for a change of venue. In Wood County in November, 1977, the defendant was convicted by a jury of second degree murder.

With respect to the defendant's burglary trial, venue was changed from Mason County to Cabell County, and the

---

[1] *W. Va. Code*, 51-2-1f, provides for terms of court as follows: "For the county of Cabell, on the first Monday in January and May, and on the second Monday in September."

*W. Va. Code*, 51-2-1cc, provides for terms of court as follows: "For the county of Mason, on the first Monday in January, May and September. For the county of Putnam, on the first Monday in March, and on the second Monday in July and November."

defendant was not brought to trial until September 12, 1978, the September term of court. It is obvious, therefore, that more than three terms passed between the term of the defendant's indictment for burglary and the term in which the defendant was brought to trial. The only justification for such a delay within the meaning of *W. Va. Code*, 62-3-21 is the possibility that this trial was prevented by the application of one or more of the statutory exceptions to the three-term rule. Otherwise, reversal of the defendant's 1978 burglary conviction is, by statute, mandatory.[2]

As this Court recently reaffirmed in *State ex rel. Shorter v. Hey*, No. 15068 (W. Va. March 17, 1981), the three-term rule, *W. Va. Code*, 62-3-21, is the legislative adoption or declaration of what ordinarily constitutes a speedy trial within the meaning of U.S. Const., amend. VI and W. Va. Const., art. III, § 14.[3] In fact, numerous decisions of this Court have recognized that the three-term rule is associated with a defendant's constitutional right to a speedy trial.[4]

The defendant was not brought to trial upon the burglary charge in either the Circuit Court of Mason County or the

---

[2] As the provisions of *W. Va. Code*, 62-3-21, *supra*, indicate, a defendant "shall be forever discharged" upon a violation of the three-term rule.

[3] U.S. Const., amend. VI, provides, in part, as follows: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ."

W. Va. Const., art. III, § 14, provides, in part, as follows: "Trials of crimes, and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay. . . ."

[4] *State v. Lacy*, 232 S.E.2d 519, 522 (W. Va. 1977); *State ex rel. Stines v. Locke*, 220 S.E.2d 443, 446 (W. Va. 1975); *State ex rel. Wren v. Wood*, 156 W. Va. 32, 36, 190 S.E.2d 479, 482 (1972); *Town of Star City v. Trovato*, 155 W. Va. 253, 257, 183 S.E.2d 560, 562 (1971); *State ex rel. Farley v. Kramer*, 153 W. Va. 159, 170, 169 S.E.2d 106, 113, *cert. denied*, 396 U.S. 986, 90 S.Ct. 482, 24 L.Ed.2d 451 (1969); *State ex rel. Smith v. DeBerry*, 146 W. Va. 534, 538, 120 S.E.2d 504, 506 (1961); *State v. Underwood*, 130 W. Va. 166, 169, 43 S.E.2d 61, 63 (1947); *Hollandsworth v. Godby*, 93 W. Va. 543, 546, 117 S.E. 369, 370 (1923); *Ex Parte Bracey*, 82 W. Va. 69, 72, 95 S.E. 593, 595 (1918); *Ex Parte Chalfant*, 81 W. Va. 93, 96, 93 S.E. 1032, 1033 (1917); *Denham v. Robinson*, 72 W. Va. 243, 254, 77 S.E. 970, 975 (1913). *See also, Cooper v. King*, 303 F. Supp. 876, 878 (N.D. W. Va. 1969) and *Raleigh v. Coiner*, 302 F. Supp. 1151, 1154 (N.D. W. Va. 1969).

Circuit Court of Cabell County during the January, May and September, 1977, terms or the January and May, 1978, terms.

The facts contained in the record indicate that by order entered March 25, 1977, the Circuit Court of Mason County, upon the defendant's motion, continued the defendant's murder and burglary actions from the January, 1977, term to the May, 1977, term wherein the defendant was to be tried on May 9, 1977. The record further indicates that the defendant moved for or brought about other continuances of his burglary trial between the time of indictment and his trial which began on September 12, 1978. However, it must be emphasized that these latter continuances of the defendant related to periods of time within certain terms and did not involve substantial periods of time. Nothing in the record indicates that the defendant delayed his trial from one term to another, other than from the January, 1977, to the May, 1977, term in the Circuit Court of Mason County.

During the September, 1977, term, the Circuit Court of Mason County continued the defendant's burglary trial from the September, 1977, to the January, 1978, term. This continuance was brought about by motion of the State and without objection by the defendant.

Accordingly, in the January, 1978, term of court the defendant's burglary trial was pending in the Circuit Court of Mason County. However, the defendant was not tried during this term. Rather, by order entered February 14, 1978, the defendant's trial was transferred to Cabell County. This transfer was brought about by motion of the defendant for a change of venue. That motion was initially made by the defendant during the January, 1977, term. Subsequently, the defendant renewed the motion.

Nevertheless, the defendant was not tried by the Circuit Court of Cabell County during the January or May, 1978 terms.

As indicated above, the defendant did not object to the State's motion to continue the burglary trial from the September, 1977, to the January, 1978, terms. However, without regard to the September, 1977, term, it is clear that the three-term rule has been violated, and the defendant was denied his right to a speedy trial.

Specifically, this Court is of the opinion that the defendant is entitled to count the May, 1977, the January, 1978, and the May, 1978 terms for purposes of the three-term rule. Upon a careful consideration of the record, this Court must conclude that the statutory exceptions to the three-term rule, contained in *W. Va. Code*, 62-3-21, are not applicable to these terms, and the defendant should have been discharged from prosecution upon the burglary indictment.

Consequently, the defendant was not brought to trial within three terms subsequent to the term of his indictment in Mason County in January, 1977. The failure by the State to bring the defendant to trial within three terms did not fall within one of the statutorily enumerated exceptions to the three-term rule.

On a step by step basis, the record is not clear as to the reason the defendant was not tried upon the burglary charge until September, 1978. However, as this Court stated in *State ex rel. Browning v. Oakley*, 157 W. Va. 136, 138, 199 S.E.2d 752, 753 (1973). ". . . it is a well recognized principle of law that courts of record can speak only by their record and what does not so appear does not exist in law." Moreover, in Syl. pt. 1, *State v. Lacy*, 232 S.E.2d 519 (W. Va. 1977), we stated that "[t]his Court subscribes to the view that it is the duty of the prosecution to provide a trial without unreasonable delay rather than the duty of the accused to demand a speedy trial." *State ex rel. Stines v. Locke*, 220 S.E.2d 443, 446 (W. Va. 1975).

Finally, we are well aware that the discharge of the defendant from further prosecution upon the burglary indictment is a harsh remedy in this case. However, in this decision we are simply giving effect to the defendant's federal and state constitutional right to a speedy trial and the mandatory provisions of *W. Va. code*, 62-3-21.

For the above reasons, the final order of the Circuit Court of Cabell County adjudging the defendant guilty of burglary is reversed, and the defendant is discharged from further prosecution upon that charge.

*Reversed.*