# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 18-0445** (Wyoming County 15-F-56)

**Oscar Ross Combs, Sr.,**
**Defendant Below, Petitioner**

**FILED**
**May 22, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, Oscar Ross Combs, Sr., by counsel, Timothy P. Lupardus, appeals his conviction by a Wyoming County jury for first degree murder.  In his petition, Petitioner alleges the following errors:  1) improper admission of Rule 404(b) evidence;  2) improper instruction to the jury on prior bad acts;  3) improper admission of evidence showing Petitioner refused a polygraph examination;  4) the cumulative effect of errors one through three rendered the trial unfair to Petitioner;  5) the chain of custody was broken, and any evidence relying upon that chain should have been excluded;[1]  6) Petitioner was not given a speedy trial;  and 7) Petitioner's conviction was unsupported by the evidence.  Respondent, State of West Virginia, filed a response by Thomas T. Lampman and Michael Cochrane.  No reply brief was filed.

This Court has considered the parties' briefs, their oral arguments, and the appendix record on appeal.  As more fully explained herein, we believe that the appendix record is incomplete and does not provide this Court with a meaningful opportunity to review the applicability of the three-term rule.  Therefore, this matter is reversed and remanded with directions to conduct an immediate hearing to determine whether the three-term rule bars prosecution of this matter. *See State v. Foddrell*, 165 W. Va. 540, 546, 269 S.E.2d 854, 858 (1980).  Accordingly, this case satisfies the "limited circumstance" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for memorandum decision.

On May 4, 2015, Petitioner was indicted for the murder of Teresa Ford in Wyoming County.  Because we are reversing and remanding on what could be a dispositive issue, we will not engage in a complete rendition of the facts surrounding Ms. Ford's disappearance and death.  We will only discuss below the procedural history regarding the timeframe in which Petitioner was brought to trial.

We first note that like all circuit courts, Wyoming County convenes three terms of court each year.  *See* W. Va. Tr. Ct. R. 2.27.  These three terms commence "on the first Monday in February, May, and October." *Id.*  Our law requires a criminal defendant who is charged with a crime, with limited exceptions, to be brought to trial within three terms of court, following indictment:

---

[1] Petitioner includes no argument within his brief to support this contention.  Accordingly, we deem this argument waived. *See* W. Va. R. App. R. 10(c)(7).

1

Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; and every person charged with a misdemeanor before a justice of the peace, city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment.

W. Va. Code § 62-3-21 (1959). This provision of the West Virginia Code "is the legislative adoption or declaration of what ordinarily constitutes a speedy trial within the meaning of U.S. CONST., amend. VI and W.Va. CONST., art. III, § 14." Syllabus Point 1, in part, *State ex rel. Shorter v. Hey*, 170 W. Va. 249, 294 S.E.2d 51 (1981). This right does not need to be asserted by an accused.

This Court subscribes to the view that it is the duty of the prosecution to provide a trial without unreasonable delay rather than the duty of the accused to demand a speedy trial. *State ex rel. Farley v. Kramer, Judge*, 153 W.Va. 159, 169 S.E.2d 106 (1969). *See also State ex rel. Wren v. Wood*, 156 W.Va. 32, 190 S.E.2d 479 (1972); *State ex rel. Parsons v. Cuppett*, 155 W.Va. 469, 184 S.E.2d 616 (1971); *State v. Underwood*, 130 W.Va. 166, 43 S.E.2d 61 (1947) and *Ex parte Bracey*, 82 W.Va. 69, 95 S.E. 593 (1918).

*State ex rel. Stines v. Locke*, 159 W. Va. 292, 296, 220 S.E.2d 443, 446 (1975).

The procedural history before us demonstrates Petitioner was indicted on May 4, 2015. That date fell within the May 2015 term of court. On June 30, 2015, a notice of trial set the trial date for August 17, 2015, within that term of court. We acknowledge that pursuant to prevailing law, "[t]he term at which the indictment is returned is not to be counted in favor of the discharge of a defendant." Syllabus Point 1, in part, *State ex rel. Smith v. DeBerry*, 146 W. Va. 534, 120 S.E.2d 504 (1961), *overruled on other grounds by State ex rel. Sutton v. Keadle*, 176 W. Va. 138, 342 S.E.2d 103 (1985). Trial did not occur on August 17, 2015.

On October 29, 2015, a trial date was set for January 25, 2016, in the October 2015 term of court by a notice of trial. This trial date was set without any motion being filed for continuance, or by the apparent entry of any order. Indeed, the record is silent as to who asked for and received this continuance to the October 2015 term of court. Trial did not occur on January 25, 2016.

2

The docket shows that on February 12, 2016, another notice of trial set a trial date on April 4, 2016, in the February 2016 term of court, which had the effect of continuing the trial again without any motion to continue or apparent order. Nonetheless, on April 1, 2016, Petitioner moved to continue the trial to the May 2016 term of court. Thus, the record is clear that the February 2016 term of court was charged to Petitioner. *See* W. Va. Code § 62-3-21.

Thereafter, the docket demonstrates that another notice of trial dated May 16, 2016, set the trial date in the May 2016 term of court for August 15, 2016. During the May 2016 term of court, on July 27, 2016, the State moved to continue the trial to the October 2016 term of court. Petitioner objected to this motion. The Court granted the State's motion. This continuance was clearly chargeable to the State. *See Id*. Following that continuance, trial was again noticed in the October 2016 term to commence on November 14, 2016.

Subsequent to the November 14, 2016, trial date, two more terms of court began before Petitioner was brought to trial. Without any motions or orders apparent from the record, trial was noticed on April 3, 2017, in the February 2017 term of court, and trial was again noticed for August 7, 2017, in the May 2017 term of court. Trial eventually commenced on September 18, 2017, in the May 2017 term of court. The record is silent as to why these continuances were granted.

Because of that silence, and other gaps in the record, it is impossible for us to ascertain the reasons for the delays in trial, to which party the continuances should be charged, and whether the three-term rule should be applied. Accordingly, "[t]he record in the instant case does not contain sufficient information from which these questions can be answered. We therefore must remand this case for a hearing to determine whether or not the State did use due diligence in . . . afford[ing] him a speedy trial in conformance with his constitutional rights." *State v. Foddrell*, 165 W. Va. 540, 546, 269 S.E.2d 854, 858 (1980).

For the foregoing reasons, we reverse and remand for the circuit court to conduct an immediate hearing to determine applicability of the three-term rule and the reasons for the continued delays in commencing trial. At the conclusion of the additional proceedings, the circuit court's order must include specific findings of fact and conclusions of law upon which it bases its decision. *See Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996) (stating our general rule that a lower court's order "must be sufficient to indicate the factual and legal basis for the [court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented.").

Reversed and remanded with directions.

**ISSUED:** May 22, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3