**FILED**
**June 11, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State ex rel. D. Keith Randolph, Prosecuting Attorney for**
**Boone County, West Virginia,**
**Petitioner**

**vs)** **No. 20-0945** (Boone County CC-03-2019-F-30)

**The Honorable William S. Thompson, Judge of the Circuit Court**
**of Boone County, West Virginia, and Jennifer Spencer,**
**Respondents**

**MEMORANDUM DECISION**

Petitioner State of West Virginia, through D. Keith Randolph, Prosecuting Attorney for Boone County, West Virginia,[1] seeks a writ prohibiting the Circuit Court of Boone County from enforcing its October 29, 2020, order dismissing Respondent Jennifer Spencer's[2] criminal indictment under the mandate in West Virginia Code § 62-3-21 (1959) that a criminal defendant is forever discharged from prosecution for the offense upon which he or she was indicted if three regular terms of court pass without trial on that offense.[3]

Upon consideration of the standard of review, the briefs, the record presented, and oral argument, the Court finds that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons set forth below, we grant the State's petition for writ of prohibition as moulded.

**I. Facts and Procedural History**

The State contends it is entitled to a writ prohibiting the Circuit Court of Boone County from enforcing its order dismissing the indictment against Ms. Spencer because three regular terms of court have not passed since the time of the indictment. So, as a preliminary matter, we note that

---

[1] The State is represented by Karen Villanueva-Matkovich, Esq., Deputy Attorney General, and Jennifer L. Anderson, Esq, Assistant Prosecuting Attorney in and for Boone County.

[2] Ms. Spencer is represented by Troy D. Adams, Esq.

[3] West Virginia Code § 62-3-21 provides, in relevant part:

> Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial[.]

1

Rule 2.25 of the West Virginia Trial Court Rules states that regular terms of court in Boone County begin on the third Monday in January, April, and September.[4] With that in mind, we now set out the relevant facts and procedural history.

On January 24, 2019, a Boone County grand jury indicted Ms. Spencer on a single count of the felony offense of "Malicious Assault" as a result of an incident that occurred in September 2018.[5] During the April 2019 term, on August 20, 2019, a jury trial commenced. But, trial ended in a mistrial after the State's witness refused to answer questions on direct examination, became emotional, and left the witness stand and the courtroom without being dismissed. And, prior to taking the stand, the same witness discussed with a family member the content of opening statements and the testimony of preceding witnesses.

A second jury trial was scheduled to begin during the September 2019 term, on October 29, but the State moved to continue that trial in order to permit the completion of Ms. Spencer's final divorce hearing in the Family Court of Boone County. We can glean from the record that the continuance was founded on the State's intention to secure the testimony of Ms. Spencer's then-husband after the divorce was final so Ms. Spencer could not assert marital privilege to impede the testimony. The circuit court granted the continuance and trial was reset for January 7, 2020. However, the circuit court acting on its own later continued the January 7 trial to avoid a scheduling conflict with an unrelated trial already in progress.

After a hearing in February 2020, Ms. Spencer's trial was reset for March 17, 2020, during the January 2020 term.[6] Before the trial could begin, the COVID-19 pandemic set the world on edge and this Court issued several administrative orders to mitigate the spread of the virus among court personnel, litigants, and the public. First, on March 16, 2020, this Court issued an administrative order continuing generally all criminal trials until April 10, 2020, except "where a criminal defendant's speedy trial rights may preclude continuation of such trial."[7] Shortly after, on March 22, 2020, this Court issued a second administrative order which declared a judicial

---

[4] The terms of court relevant to this case began on January 21, 2019 (the January 2019 term), April 15, 2019 (the April 2019 term), September 16, 2019 (the September 2019 term), January 20, 2020 (the January 2020 term), and April 20, 2020 (the April 2020 term).

[5] Ms. Spencer was indicted three days into the January 2019 term. We take care to note that, under the plain language of West Virginia Code § 62-3-21, the term of court during which a person is indicted does not count towards the calculation of the three-term rule, as the rule only counts "three regular terms of such court, *after* the presentment is made or the indictment is found against him." (Emphasis added). *See also* Syl. Pt. 1, *State ex rel. Spadafore v. Fox*, 155 W. Va. 674, 186 S.E.2d 833 (1972) ("Under the provisions of Code, 62-3-21, as amended, the three unexcused regular terms of court that must pass before an accused can be discharged from further prosecution are regular terms occurring subsequent to the ending of the term at which the indictment was returned. The term at which the indictment was returned can not [*sic*] be counted as one of the three terms.").

[6] This would have been the final term in which the circuit court could have scheduled Ms. Spencer's trial without running afoul of the three-term rule as the first (April 2019) and second (September 2019) terms that counted under the statute had expired.

[7] *See* Supreme Court of Appeals of West Virginia, Administrative Order (Mar. 16, 2020). Notably, had normal trial operations resumed on April 10, 2020, the circuit court could have scheduled Ms. Spencer's trial within the January 2020 term in Boone County, as that term was not set to end until April 20.

emergency and stayed *all* jury trials until April 10, 2020.[8]

On March 25, 2020, the circuit court on its own continued Ms. Spencer's trial generally in accordance with these administrative orders. And, on April 3, 2020, this Court issued a third administrative order extending the judicial emergency through May 1, 2020.[9] As such, the circuit court was unable to schedule Ms. Spencer's trial before the April 2020 term began on April 20, 2020. So, in the April 2020 term, on August 20, Ms. Spencer filed a motion to dismiss her indictment under West Virginia Code § 62-3-21 because three terms of court had passed without trial. The circuit court held a hearing on September 15, 2020, and issued an order dismissing the indictment on October 29, 2020. On November 30, 2020, the State filed the current petition for writ of prohibition.

## II. Standard of Review

This Court has long applied the standard enumerated in Syllabus Point 4 of *State ex rel. Hoover v. Berger*[10] to petitions for writs of prohibition:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

This Court has also made clear that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers."[11] With this standard in mind, we now turn to the parties' arguments.

---

[8] *See* Supreme Court of Appeals of West Virginia, Administrative Order, *Re: Judicial Emergency Declared* (Mar. 22, 2020).

[9] *See* Supreme Court of Appeals of West Virginia, Administrative Order, *Re: Judicial Emergency Declared, Amended Order* (Apr. 3, 2020). Note, additional administrative orders followed this one and further extended the judicial emergency and the statewide closure of the court system, but they are not relevant to this discussion.

[10] 199 W. Va. 12, 483 S.E.2d 12 (1996).

[11] Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977).

### III. Analysis

In support of its requested writ of prohibition, the State argues that the circuit court exceeded its legitimate powers by dismissing and forever discharging from prosecution the indictment in this case under West Virginia Code § 62-3-21.  Specifically, the State contends that § 62-3-21 only applies when three *regular* terms of court have passed, and the January 2020 term was not regular because the judicial emergency resulting from the COVID-19 pandemic forced a statewide suspension of all jury trials.  Ms. Spencer counters that § 62-3-21 does not contemplate the existence of irregular terms of court.  For the reasons discussed below, we agree with the State.

We have held that "[t]he right to a trial without unreasonable delay is basic in the administration of criminal justice and is guaranteed by both the state and federal constitution[s]. U.S. Const. Amend. VI; W. Va. Const. art 3, § 14."[12]  Further, "[i]t is the three-term rule, W.Va. Code, 62-3-21, which constitutes the legislative pronouncement of our speedy trial standard under Article III, Section 14 of the West Virginia Constitution."[13]  The three-term rule, set forth in West Virginia Code § 62-3-21, states in relevant part:

> Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of a jury to agree in their verdict[.]

As noted, the pertinent question for this Court is whether three *regular* terms of court passed without trial after Ms. Spencer was indicted by the grand jury such that the circuit court properly dismissed the indictment against her.  We find no difficulty in determining that three regular terms of court did not pass from the time of Ms. Spencer's indictment.

As we recently held in Syllabus Point 6 of *State ex rel. Porter v. Farrell*[14]

> [a] term of court during which a judicial emergency has been declared in response to the COVID-19 global pandemic and corresponding limits have been imposed upon the ability of courts to hold jury trials and/or conduct nonessential judicial proceedings is not a "regular" term of court as contemplated by the three-term rule set forth in West Virginia Code section 62-3-21 (eff. 1959).

In reaching this holding, we explained that "we long have held 'regular' in this context to mean 'full' and complete[.]'"[15]  Further, we clearly recognized in *Farrell* that "the January 2020 term

---

[12] Syl. Pt. 1, *State v. Foddrell*, 171 W. Va. 54, 297 S.E.2d 829 (1982).

[13] Syl. Pt. 1, *Good v. Handlan*, 176 W. Va. 145, 342 S.E.2d 111 (1986).

[14] — W. Va. —, — S.E.2d — (No. 21-0090, June 3, 2021).

[15] *Id*. at —, — S.E.2d at — (citing Syl. Pt. 1, in part, *Ex parte Anderson*, 81 W. Va. 171, 94 S.E.

4

was not a full and complete term of court, and it does not count towards the calculation of the three-term rule"[16] because "this Court issued no less than four separate orders which declared a judicial emergency, stayed criminal trials, and barred all but the most essential court functions from proceeding."[17]

Applying *Farrell's* holding here, we conclude that the State's requested writ of prohibition must issue as three regular terms of court did not pass in Boone County from the time of Ms. Spencer's indictment. Ms. Spencer was indicted in the January 2019 term of court, so the first term that counted under the three-term rule was the April 2019 term. A trial occurred in that term, but ended in a mistrial.[18] The second term, the September 2019 term, passed without trial, though one was scheduled and twice continued, first on the State's motion and second by the circuit court acting on its own. So, the third term after Ms. Spencer's indictment was the January 2020 term. As clearly explained in *Farrell*, the January 2020 term was not a regular term of court because it was "[a] term of court during which a judicial emergency [was] declared in response to the COVID-19 global pandemic and corresponding limits [were] imposed upon the ability of courts to hold jury trials and/or conduct non-essential judicial proceedings[.]" As such, the January 2020 term does not count for purposes of calculation of the three-term rule, and we can only conclude that the circuit court exceeded its legitimate power in granting Ms. Spencer's motion to dismiss the indictment against her because three regular terms of court since her indictment had not yet passed.[19]

For these reasons, we find that the State has demonstrated that it is entitled to a writ of prohibition in this matter because three regular terms of court have not passed since the indictment

---

31 (1917) ("A person held under an indictment, without a trial, for three full and complete regular terms of the court in which he is held to answer, after the term thereof at which the indictment was found, under circumstances which do not excuse the failure of the state to bring him to trial, by virtue of the exceptions in [W. Va. Code § 62-3-21] may obtain his discharge from prosecution on the indictment, on a writ of habeas corpus[.]"). *Accord State ex rel. Shorter v. Hey*, 170 W. Va. 249, 255, 294 S.E.2d 51, 57 (1981) ("[A]t least three full terms of court beyond the term of indictment must pass before, under W.Va. Code, 62-3-21, the constitutional right to a speedy trial is denied.").

[16] *Farrell*, — W. Va. at —, — S.E.2d at —.

[17] *Id*.

[18] The parties do not argue that the occurrence of a trial in the April 2019 term should exclude that term from being counted for purposes of the three-term rule. We need not reach that question because it is clear that, assuming it does count, three regular terms still did not pass after the time of indictment.

[19] Furthermore, the terms which passed during the pendency of this writ of prohibition should not be counted. *See State ex rel. Boso v. Warmuth*, 165 W. Va. 247, 249-50 n.1, 270 S.E.2d 631, 632-33 n.1 (1980) (overruled on other grounds by *State ex rel. Sutton v. Keadle*, 176 W. Va. 138, 342 S.E.2d 103 (1985)) ("In *State v. Loveless*, 142 W.Va. 809, 98 S.E.2d 773 (1957), we said that a regular term of court occurring during the pendency of a writ of error granted defendant should not be counted. Likewise, a term occurring during the pendency of a writ of prohibition should not be counted."); *accord State ex rel. Erlewine v. Thompson*, 156 W. Va. 714, 724-25, 207 S.E.2d 105, 111 (1973) (Haden, J. dissenting) (noting that the Court has recognized an implicit suspension of the three-term rule when "it is impossible to try an accused where the trial court loses jurisdiction to an appellate court for tis [*sic*] consideration of a writ of error or certified question, the delay occasioned thereby being unavoidable.").

was returned against Ms. Spencer.   Therefore, the Circuit Court of Boone County is prohibited from enforcing its October 29, 2020 order which granted Ms. Spencer's motion to dismiss.

Writ granted.

**ISSUED**: June 11, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton