**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 12-1222** (Cabell County 10-F-361)

**Phillip Morris, Defendant Below,**
**Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner's *pro se* appeal arises from the Circuit Court of Cabell County's September 10, 2012 order sentencing him to a term of incarceration of one to five years following his entry of a *Kennedy* plea to third degree sexual assault. The State, by counsel Andrew D. Mendelson, filed a response, to which petitioner filed a reply. On appeal, petitioner alleges a violation of his constitutional right to a speedy trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2010, a Cabell County Grand Jury indicted petitioner on two counts of first degree sexual assault. After petitioner's indictment, four terms of court elapsed, with petitioner being sentenced before the end of a fifth term of court. The first term of court following petitioner's indictment began in January of 2011, during which no orders setting trial or continuing the matter were entered. The second term of court following petitioner's indictment began in May of 2011. During the second term of court, the circuit court entered an order on August 1, 2011, indicating that petitioner had waived his right to a speedy trial during that term. The third term of court following petitioner's indictment began in September of 2011. Petitioner and the State were engaged in plea negotiations but ultimately could not reach an agreement. As a result, petitioner's trial was scheduled to begin during the next term of court. The fourth term of court following petitioner's indictment began in January of 2012. During this term, the circuit court entered an order on May 1, 2012, indicating that petitioner had waived his right to a speedy trial during that term. The fifth term of court following petitioner's indictment began in May of 2012, and petitioner ultimately entered his *Kennedy* plea to one count of third degree sexual assault on May 25, 2012.[1] On September 10, 2012, petitioner was sentenced to a term of

---

[1] Petitioner entered his plea pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

1

incarceration of one to five years. Petitioner appeals the sentencing order, alleging that the circuit court violated his constitutional right to a speedy trial.

We have previously held as follows:

"A determination of whether a defendant has been denied a trial without unreasonable delay requires consideration of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. The balancing of the conduct of the defendant against the conduct of the State should be made on a case-by-case basis and no one factor is either necessary or sufficient to support a finding that the defendant has been denied a speedy trial." Syllabus point 2, *State v. Foddrell*, 171 W.Va. 54, 297 S.E.2d 829 (1982).

Syl. Pt. 3, *State v. VanHoose*, 227 W.Va. 37, 705 S.E.2d 544 (2010). Upon our review, the Court finds no violation of petitioner's right to a speedy trial as codified in West Virginia Code § 62-3-21. As noted above, four terms of court elapsed after petitioner's indictment, with petitioner entering his *Kennedy* plea in the fifth term of court. We have previously held that

"[t]he three regular terms of a court essential to the right of a defendant to be discharged from further prosecution pursuant to provisions of Code [§] 62-3-21, as amended, are regular terms occurring subsequent to the ending of the term at which the indictment against him is found. The term at which the indictment is returned is not to be counted in favor of the discharge of a defendant." Syl. pt. 1, *State ex rel. Smith v. DeBerry*, 146 W.Va. 534, 120 S.E.2d 504 (1961).

Syl. Pt. 2, *State v. Young*, 167 W.Va. 312, 280 S.E.2d 104 (1981). As such, the term of court in which petitioner was indicted will not be considered in our analysis.

Two factors to consider in determining whether a defendant has been denied a trial free of unreasonable delay are the reasons for the delay and the defendant's assertion of his rights. In the instant case, these two factors are closely related, due to petitioner's waiver of his right to a speedy trial during the second and fourth terms of court following his indictment. In its August 1, 2011 order, the circuit court noted that petitioner jointly moved for a continuance with the State. West Virginia Code § 62-3-21 states, in pertinent part, that defendants are forever discharged from prosecution for an offense if three terms of court expire after indictment without trial, "unless the failure to try him was caused . . . by a continuance granted on the motion of the accused . . . ." As such, the May 2011 term of court is not considered for purposes of our analysis because petitioner requested the continuance. Further, it is clear that petitioner waived his right to a speedy trial during both the May 2011 and the January 2012 terms of court, as evidenced by the circuit court's orders entered on August 1, 2011, and May 1, 2012.

While petitioner argues that he never signed waivers to his right to a speedy trial, the Court finds no merit in this argument. Petitioner was represented by counsel throughout the proceedings below, and the orders in question state that counsel represented petitioner's waiver to

2

the circuit court in both instances. In the August 1, 2011 order, the circuit court specifically stated that petitioner "previously signed a waiver to a speedy trial in this term of [c]ourt," and noted that "counsel for [petitioner] waived on behalf of his client." Additionally, the March 1, 2012 order stated that the matter was continued "after hearing representations of counsel and the [petitioner's] waiver to a speedy trial in this term of court." The Court is not persuaded by petitioner's argument that the lack of a signed waiver in the record shows that he did not knowingly, intelligently, and voluntarily waive his rights below. If these orders contain erroneous information, as petitioner argues, he had a duty to object in the circuit court. We have previously held that "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009). As such, we decline to find error in the plain language of the circuit court's orders regarding petitioner's waiver of his right to a speedy trial in these specific terms of court.

Because petitioner waived his right to a speedy trial during two terms of court and also moved the circuit court for a continuance during one of the terms, there was no violation of petitioner's right to a speedy trial. Absent the two terms during which petitioner waived his right or sought a continuance, only two terms of court fully elapsed following petitioner's indictment, with petitioner entering a *Kennedy* plea during a third term. In reviewing the remaining factors set forth in *VanHoose*, the Court finds no evidence supporting petitioner's assignment of error. The actual delay of only two terms was not significant, especially in light of petitioner requesting a continuance during one term and waiving his rights in both terms. Further, the Court finds no prejudice to petitioner in the delay. Petitioner was originally charged with two counts of first degree sexual assault and ultimately pled to a lesser included offense of third degree sexual assault, which carries a significantly lower penalty. For these reasons, the Court finds no violation of petitioner's right to a speedy trial.

For the foregoing reasons, the circuit court's September 10, 2012 order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3